```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                      :
                                                                      :   25-CV-3158 (JMF)
IN RE:                                                                :
                                                                      :
ORLY GENGER                                                           :   MEMORANDUM OPINION
                                                                      :         AND ORDER
                                                                      :
---------------------------------------------------------------------- X
```

JESSE M. FURMAN, United States District Judge:

Appellant Eric Herschmann, an attorney appearing *pro se*,[1] appeals from two orders of the U.S. Bankruptcy Court for the Southern District of New York (Garrity, *J.*). The first granted Appellee Sagi Genger's motion for a protective order, *see* ECF No. 1-1 ("Protective Order"), and the second denied Herschmann's motion for reconsideration of that order, *see* ECF No. 1-2 ("Reconsideration Order"). Appellee now moves to dismiss the appeal for lack of jurisdiction. ECF No. 5. In particular, Appellee argues that the Bankruptcy Court's orders are not final within the meaning of 28 U.S.C. § 158(a)(1). *See* ECF No. 6 ("Appellee's Mem."). For the reasons that follow, the Court agrees, and Appellee's motion to dismiss is thus GRANTED.

## BACKGROUND

The facts of the underlying bankruptcy case are largely irrelevant for purposes of the present appeal. In 2019, Orly Genger commenced Chapter 7 bankruptcy proceedings in the U.S. Bankruptcy Court for the Western District of Texas. *See* Reconsideration Order 2-3. Sagi Genger and Eric Herschmann — Orly's brother and husband, respectively — both filed proofs of

---

[1] As a lawyer representing himself, Herschmann is not entitled to the "substantial degree of solicitude" to which *pro se* litigants are ordinarily entitled. *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

claim against Orly in the case, *id.* at 3, and the Texas Bankruptcy Court subsequently transferred the case to the Southern District of New York, *see* Protective Order 12-13.

The present appeal concerns the Bankruptcy Court's rulings below preventing disclosure of the so-called "Herschmann Report" — a report about the location of Herschmann's residences and bank accounts, produced by an Israeli private investigator for Sagi's benefit. *See id.* at 14. In response to Herschmann's request that Sagi be ordered to produce the Herschmann Report, Sagi sought a protective order from the Bankruptcy Court to shield the Herschmann Report from discovery. *Id.* at 18-19. The Bankruptcy Court sided with Sagi, concluding that "the Herschmann Report is privileged and protected by the work product doctrine" and, accordingly "denie[d] Mr. Herschmann's request for an order directing Sagi to turn-over the Herschmann Report to him." *Id.* at 35. Herschmann then filed a motion for reconsideration of the Bankruptcy Court's order under Rule 60(b), which the Bankruptcy Court denied. *See* Reconsideration Order.

Herschmann appealed both orders, asserting that this Court has appellate jurisdiction under Section 158(a) and the collateral order doctrine. *See* ECF No. 1 ("Notice of Appeal), at 2.

## APPLICABLE LEGAL STANDARDS

This Court's jurisdiction to hear appeals from the Bankruptcy Court is established by 28 U.S.C. § 158(a). To the extent relevant here, it provides for jurisdiction over appeals "from final judgments, orders, and decrees," 28 U.S.C. § 158(a)(1), and, "with leave of the court, from . . . interlocutory orders and decrees," *id.* § 158(a)(3); *accord In re MF Glob. Holdings, Ltd.*, No. 12-CV-3757 (JMF), 2012 WL 4763087, at *1 (S.D.N.Y. Oct. 5, 2012), *aff'd sub nom. Sapere Wealth Mgmt. LLC v. MF Glob. Holdings Ltd.*, 546 F. App'x 56 (2d Cir. 2013) (summary order).

In general, "[o]rders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson*

*Masonry, LLC*, 589 U.S. 35, 37 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)); *accord In re Quigley Co., Inc.*, 676 F.3d 45, 51 (2d Cir. 2012).  This standard "is more flexible than in other civil litigation," *In re Lehman Bros. Holdings Inc.*, 697 F.3d 74, 77 (2d Cir. 2012), in large part because it is "common for bankruptcy courts to resolve discrete controversies definitively while the umbrella bankruptcy case remains pending," *Ritzen*, 589 U.S. at 38.  The distinction is also rooted in the text of Section 158(a), which provides for "an appeal of right . . . from 'final judgments, orders, and decrees' entered by bankruptcy courts 'in cases and *proceedings*'" as opposed to just "cases."  *Id.* at 39 (emphasis added) (quoting 28 U.S.C. § 158(a)); *cf.* 28 U.S.C. § 1291.

Importantly, for purposes of finality in this context, a "discrete dispute[] . . . do[es] not mean merely competing contentions with respect to separable issues." *In re MSR Resort Golf Course LLC*, No. 14-CV-9491 (JMF), 2015 WL 5172956, at *1 (S.D.N.Y. Sept. 3, 2015) (quoting *In re Fugazy Express*, 982 F.2d 769, 775 (2d Cir. 1992)).  Instead, the Bankruptcy Court must have "completely resolve[d] all of the issues pertaining to a discrete claim, including issues as to the proper relief." *Sletteland v. Orndorff*, 2 F. App'x 225, 228 (2d Cir. 2001) (summary order); *accord In re Gutierrez*, No. 19-CV-10897 (LTS), 2020 WL 2216557, at *1 (S.D.N.Y. May 7, 2020).  On the whole, finality in the bankruptcy context "is viewed functionally, focusing on pragmatic considerations rather than on technicalities." *In re Lehman Bros. Holdings Inc.*, 697 F.3d at 77.  And the "general aversion to piecemeal appeals" guides the finality inquiry even in the bankruptcy context. *In re Chateaugay Corp.*, 922 F.2d 86, 90 (2d Cir. 1990).

In the absence of a final order, a party appealing must file a motion for leave to appeal pursuant to Rules 8001 and 8003 of the Federal Rules of Bankruptcy Procedure.  If a motion for

3

leave to appeal is required but not filed, the district court may direct that a motion for leave to appeal be filed or treat the notice of appeal itself as a motion for leave to appeal and then either grant or deny such leave. *In re MF Glob. Holdings, Ltd.*, 2012 WL 4763087, at *3 (citing Fed. R. Bankr. P. 8003(c)). A district court "has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court" pursuant to Section 158(a)(3). *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003). Neither the Bankruptcy Code nor the Rules of Procedure, however, provide standards for guiding that discretion. *See, e.g.*, *In re Liddle & Robinson, L.L.P.*, No. 20-CV-865 (ER), 2020 WL 4194542, at *4 (S.D.N.Y. July 21, 2020). In the absence of such standards, the majority of "district courts in the Second Circuit have applied the analogous standard for certifying an interlocutory appeal . . . , set forth in 28 U.S.C. § 1292(b)." *Id.*; *accord In re MF Glob. Holdings, Ltd.*, 2012 WL 4763087, at *3; *United States v. Bond*, 09-CV-1824 (SLT), 2009 WL 3254472, at *3 (E.D.N.Y. Oct. 9, 2009) (collecting cases). Under Section 1292(b), leave to appeal should be granted only if the relevant order (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see, e.g.*, *New York v. Arm or Ally, LLC*, No. 22-CV-6124 (JMF), 2024 WL 2270351, at *1-2 (S.D.N.Y. May 20, 2024).

## DISCUSSION

Appellee argues that this Court lacks jurisdiction over the appeal because the Bankruptcy Court's orders are discovery orders that are neither final within the meaning of Section 158(a)(1) nor covered by the collateral order doctrine. The Court will address each argument in turn.

**A. Finality of the Orders**

Courts in this Circuit "have routinely found that bankruptcy court orders granting or denying discovery . . . are not final for the purposes of an appeal to a district court." *Hongkong & Shanghai Banking Corp. Ltd. v. Brandt for CFG Peru Inv. Pte. Ltd. (Singapore)*, No. 17-CV-6672 (VEC), 2017 WL 6729191, at *2 (S.D.N.Y. Dec. 29, 2017); *see also In re WorldCom, Inc.*, No. 08-CV-10354 (RJH), 2009 WL 2215296, at *3 (S.D.N.Y. July 23, 2009) (same); *In re Kwok*, No. 23-CV-1514 (KAD), 2025 WL 777250, at *4 (D. Conn. Mar. 11, 2025) (same); *In re Penado*, No. 24-CV-5935 (JMA), 2024 WL 4107252, at *3 (E.D.N.Y. Sept. 5, 2024) (same); *In re Towers Fin. Corp.*, 164 B.R. 719, 720 (S.D.N.Y. 1994) (collecting cases). That is because "discovery is 'merely a preliminary step' to obtain information for use in some other proceeding, and thus discovery disputes are nothing more than 'disputes over minor details about how a bankruptcy case will unfold.'" *In re Transbrasil S.A. Linhas Aéreas*, 860 Fed. App'x 163, 168 (11th Cir. 2021) (summary order) (quoting *Ritzen Grp., Inc.*, 589 U.S. at 44). As such, discovery orders "do not finally dispose of an entire claim on which relief may be granted, and therefore are generally treated as interlocutory and not appealable as of right." *In re Towers Fin. Corp.*, 164 B.R. at 720; *see also In re Bestwall, LLC*, 99 F.4th 679, 686 (4th Cir. 2024) (explaining in the bankruptcy context that "discovery orders aren't final and appealable" because "they are part of resolving a larger dispute" and therefore "d[o] not finally dispose of a discrete dispute" (cleaned up)). This rule is "in harmony with the accepted view that discovery decisions in civil cases are not final orders appealable as of right." *In re Towers Fin. Corp.*, 164 B.R. at 720.

In light of these standards, this appeal is plainly not final. The parties do not dispute that the Bankruptcy Court's order granting Sagi's request for a protective order is a discovery order. *See In re Kwok*, 2025 WL 777250, at *5 (explaining that an order that "resolves a dispute

5

over . . . the assertion of attorney-client privilege in an effort to withhold production" is "very much a 'discovery order' for purposes of evaluating its appealability"). Instead, Appellant's sole response is that the Bankruptcy Court's discovery orders are final because, "[o]n the issue of the private investigative report, . . . nothing more can be litigated, and the bankruptcy court cannot take any additional action." ECF No. 8 ("Appellant's Opp'n"), at 15.[2] That may be an argument for application of the collateral order doctrine, which is discussed below. But "for purposes of finality in this context, a discrete dispute does not mean merely competing contentions with respect to separable issues." *In re LATAM Airlines Group S.A.*, 2022 WL 1471125 at *5 (cleaned up). Put simply, Appellant's argument misses the fact that "the 'appropriate procedural unit for determining finality' is not the discovery dispute" itself, but rather "the proceeding for which the discovery is sought." *In re Transbrasil S.A.*, 860 Fed. App'x at 168 (quoting *Ritzen Grp., Inc.*, 589 U.S. at 42); *see also In re Bestwall, LLC*, 99 F.4th at 686 ("If we accepted Appellants' formulation of finality, every ruling to enforce a discovery order — and, likely, every discovery order itself — would be an appealable final decision supposedly terminating a bankruptcy 'proceeding.'").

---

[2]    Appellant suggests that Appellee's citation to "pre-*Ritzen*" cases is "misplace[d]." *See* Appellant's Opp'n 20. But "[i]n *Ritzen*, the Supreme Court merely clarified and provided further guidance on the final order analysis." *In re LATAM Airlines Grp. S.A.*, No. 22-CV-2556 (JMF), 2022 WL 1471125, at *9 n.5 (S.D.N.Y. May 10, 2022). The general standard — under which "orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case" — dates back to at least the 1980s. *Bullard*, 575 U.S. at 501 (citing *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 & n.3 (2006) (citing *In re Saco Local Development Corp.*, 711 F.2d 441, 444 (1st Cir. 1983) (Breyer, J.)); *see also, e.g., In re Hooker Invs., Inc.*, 937 F.2d 833, 836 (2d Cir. 1991) ("[Bankruptcy] orders are appealable as final only if they finally dispose of discrete disputes within the larger case." (internal quotation marks omitted)). And, in any event, post-*Ritzen* cases holding that discovery orders in the bankruptcy content are non-final orders are legion. *See, e.g., In re Kwok*, 2025 WL 777250; *In re Penado*, 2024 WL 4107252; *In re Transbrasil S.A. Linhas Aéreas*, 860 Fed. App'x at 163; *In re Bestwall, LLC*, 99 F.4th at 679.

6

For these reasons, the Bankruptcy Court's discovery order is not final in the relevant sense. And because the Bankruptcy Court's decision to grant a protective order is not a final decision, neither is its subsequent order denying reconsideration. *See Blanco v. United States*, 775 F.2d 53, 56 (2d Cir. 1985) ("If the [original] order was not final and appealable, orders refusing to reconsider it likewise could not have been."); *see also Prince v. Ethiopian Airlines*, 646 Fed. App'x 45, 47 (2d Cir. 2016) (summary order) (same); *Murphy v. City of Stamford*, 634 Fed. App'x 804, 805 (2d Cir. 2015) (summary order) (same). In short, the discovery orders are not final and, thus, Appellant is not entitled to an appeal as of right. *See* 28 U.S.C. § 158(a)(1).

**B. Collateral Order Doctrine**

Appellant argues in the alternative that the Bankruptcy Court's discovery orders fall under an exception to the final judgment rule: the collateral order doctrine. *See* Appellant's Opp'n 16-19. But that argument fares no better. Under the collateral order doctrine, "a decision is 'final' if it (1) conclusively determines a disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal from final judgment." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 205-06 (2d Cir. 2012). As the Second Circuit has cautioned, however, most discovery orders "are not final decisions because they are effectively reviewable on appeal from a final judgment." *Id.* at 206. Just so here. The Court sees no reason why the Bankruptcy Court's discovery orders cannot be challenged on appeal from final judgment. Appellant's only argument on this front is that, if he ultimately prevails in the underlying bankruptcy proceeding, he may be barred from appealing the discovery orders under the prevailing party principle. Appellant's Opp'n 17; *see In re Dipietro*, No. 20-3629, 2022 WL 880485, at *3 (2d Cir. Mar. 25, 2022) (summary order) ("[T]he existence of an unfavorable interlocutory ruling — even one that may well be erroneous — does

7

not confer standing on a prevailing party who is not otherwise aggrieved by the judgment."). But "the 'unreviewability' leg of our collateral-order doctrine — which, as it is framed, requires that the interlocutory order be effectively unreviewable *on appeal from a final judgment* — is not satisfied by the possibility that the aggrieved party will have no occasion to appeal." *Sell v. United States*, 539 U.S. 166, 190 n.5 (2003) (Scalia, J., dissenting) (citation omitted). If it were otherwise, the prevailing party principle would essentially render the unreviewability requirement a nullity. Thus, the collateral order doctrine does not apply.[3]

## CONCLUSION

For the foregoing reasons, Genger's motion to dismiss this appeal for lack of jurisdiction is GRANTED.[4] The Clerk of Court is directed to close the case and to terminate ECF No. 5.

SO ORDERED.

Dated: June 12, 2025
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[3] Because the Court concludes that the unreviewability requirement is not satisfied, it need not and does not reach Appellee's argument that the Bankruptcy Court's orders also did not resolve an important issue separate from the merits. *See* ECF No. 9 ("Appellee's Reply"), at 5.

[4] Appellant explicitly represents that he does not seek leave to appeal, *see* Appellant's Opp'n 19, and, thus, he has waived any such request. In any event, any such request would fail because the relevant orders are substantially fact-bound, *see, e.g.*, Protective Order 19-34, and, thus, do not involve "controlling question[s] of law," 28 U.S.C. § 1292(b); *see, e.g.*, *In re Stockbridge Funding Corp.*, No. 91-CV-10069 (FGC), 92-9398, M-47 (PKL), 1993 WL 205225, at *5 (S.D.N.Y. June 8, 1993) ("In applying the 'controlling question of law' requirement, courts have repeatedly held that, except in rare circumstances, discovery orders do not present 'controlling questions of law' that will materially advance termination of the litigation.").